Opinion delivered May 23, 1888.

---

## No. 5958.

### HENRY FERGUSON *v.* THE STATE.

25  451
c37  223

SWINDLING—INDICTMENT for swindling by means of a false chattel mortgage and fraudulent verbal representations is not sufficient to charge the offense unless it sets out the alleged mortgage in *hæc verba*, or unless, stating good reason why the alleged mortgage could not be so set out, it sets it out in substance.

APPEAL from the District Court of Smith.   Tried below before the Hon. F. J. McCord.

The conviction in this case was for swindling, and the penalty assessed against the appellant was a term of three years in the penitentiary.

The disposition made of this appeal does not necessitate a statement of the evidence adduced on the trial, but it may be stated that the proof for the State shows that appellant applied to Patterson & Carlton for a loan of fifty dollars, tendering as security for the same, a chattel mortgage on a mule and several head of cows which he represented to be his exclusive unincum-

bered property.   He obtained the money and executed the mortgage.   It subsequently transpired that he owned no cows, and that the mule he exhibited to Patterson, and included in the mortgage, was the sole property of another person.

*J. F. Orion*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   This conviction is under an indictment which undertakes to charge the offense of swindling by means of certain false representations made by the defendant concerning his ownership and right to dispose of certain personal property, and by means of a chattel mortgage in writing upon said property, executed and delivered by him to the alleged injured party.   A motion in arrest of judgment was made by the defendant, the ground of said motion being that the indictment was fatally defective, because it neither set forth the alleged mortgage *in hœc verba*, nor substantially.   Said motion was overruled, and in said ruling we are of the opinion the court erred.

It is plain from the allegations in the indictment that the swindle, if one was accomplished, was by means of the alleged mortgage, accompanied by verbal representations as to the defendant's ownership of the property.   Said alleged mortgage entered into the offense charged as a part or basis thereof, and in conformity with the general rule should have been set out *in hœc verba* in the indictment, or good reason should have been stated why it could not be so set forth; and in such case it should have been set forth substantially.   (Willson's Cr. Stats., sections 1383–1995.)

Because the indictment is defective in matter of substance in the particular above stated, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*